# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　Respondent. | Case No.  1:23-cv-01485-KJM-SKO-HC<br><br>ORDER DENYING MOTION TO CONSTRUE MOTION FOR RELIEF FROM JUDGMENT AS A SEPARATE CASE<br><br>[Doc. 21] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On January 29, 2024, this case was closed pursuant to Petitioner's notice of voluntary dismissal.  Petitioner contends that the Court incorrectly construed a motion he filed in this case entitled "Additional Exhibits - Motion for Relief of Judgment" as a motion to supplement his petition. (Doc. 14.)  Petitioner contends that the motion should have commenced a new action. Petitioner is incorrect.  A motion may not commence a new action.  Because Petitioner referenced Case No. 1:23-cv-01485 and Petitioner had no other ongoing case, the motion was properly filed in this case.

　　　 Petitioner also filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure Rule 60(b) on January 11, 2024.  (Doc. 16.)  It appears Petitioner was attempting to use Rule 60(b) to vacate the judgment of the state courts.  However, Rule 60(b) is inapplicable.

*Federal* Rules of Civil Procedures do not apply to *state* court proceedings. Soper v. Woolf, 2014 WL 5810517, at *6 (D. Idaho 2014) ("The Federal Rules of Civil Procedure have no application in a *state* felony criminal case.") (emphasis in original); see also Ramirez v. Koenig, 2020 WL 4734411, at *3 (C.D. Cal. 2020).  A person in custody pursuant to the judgment of a *state* court seeking to challenge his state court conviction and sentence in *federal* court must file a petition for a writ of habeas corpus. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n. 7, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  Thus, to the extent Petitioner wishes to overturn his state conviction and sentence, he may only do so by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Accordingly, Petitioner's motion to have his motion for relief from judgment unfiled and construed as a new case is hereby DENIED.

IT IS SO ORDERED.

Dated:   **February 8, 2024**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE